# IN THE SUPREME COURT OF CALIFORNIA

JOHN HR DOE et al.,
Plaintiffs and Appellants,

v.

MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

S283639

Third Appellate District
C095446

Yuba County Superior Court
CVPO2100697

July 2, 2026

Justice Evans authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Liu, Kruger, Groban, and Baker[*] concurred.

---

[*]    Associate Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

DOE v. MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT

S283639

Opinion of the Court by Evans, J.

Before filing the instant action in state court, John HR Doe, John JH Doe, John RH Doe, John GL Doe, John JO Doe, Jane CJ Doe, and John RD Doe (Does) twice filed and then voluntarily dismissed nearly identical actions against William Babcock and Marysville Joint Unified School District (School District). Does filed and dismissed actions first in state superior court and then in a federal district court. The dismissals were designated without prejudice.

The dismissal in the federal district court was pursuant to rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure (28 U.S.C.).[1] The rule provides a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal. (Rule 41(a)(1)(A)(i).) "Unless the notice . . . states otherwise, the dismissal is without prejudice." (Rule 41(a)(1)(B).) "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (*Ibid.*)

After Does again filed nearly identical claims in state superior court, the School District demurred, arguing, among other things, that claim preclusion bars Does' claims by operation of the so-called two-dismissal rule of rule 41(a)(1)(B).

---

[1]    Further undesignated rule references are to the Federal Rules of Civil Procedure.

1

The trial court agreed that claim preclusion bars Does' claims and sustained the demurrer on this basis without leave to amend. In a split decision, the Court of Appeal affirmed. (*Doe v. Marysville Joint Unified School Dist.* (2023) 98 Cal.App.5th 95, 110 (*Doe*).) The majority reasoned that it was bound to follow rule 41(a)(1)(B) and that this rule rendered the federal dismissal claim preclusive.

We reverse. The School District's argument — and the holding of the majority of the Court of Appeal — is that rule 41(a)(1)(B) bars Does from bringing the instant action. It does not. Rule 41(a)(1)(B) is a rule of federal procedure that, when triggered, bars the plaintiff from filing the same claims *in federal court*. It is not a broader rule of claim preclusion and thus does not bar a subsequent action *in state court*.

## I. BACKGROUND

The underlying facts are not relevant to the issues on appeal. In brief, Does are former students of Kynoch Elementary School, which operated within the School District. It is alleged that William Babcock, a counselor at the school, sexually assaulted Does. The assaults occurred between 1993 and 2001 at school locations, including in Babcock's office during counseling sessions. As set forth below, prior to filing the action giving rise to this appeal, Does commenced and then dismissed other actions in state and federal court related to Babcock's abuse.[2] We are called upon to determine the preclusive effect of these prior dismissals.

---

[2] Babcock also served as a counselor at First Presbyterian Church, where he is alleged to have committed further acts of sexual assault against John HR Doe. John HR Doe named First

### A. The Yuba County Actions

John HR Doe commenced the first action against the School District and Babcock in Yuba County Superior Court in February 2020. The complaint alleged causes of action for various forms of negligence, intentional infliction of emotional distress, assault, sexual battery, sexual harassment, gender violence, breach of fiduciary duty, constructive fraud, and public entity liability for failure to perform a mandatory duty. The School District demurred to the complaint. The court sustained the demurrer with leave to amend as to certain causes of action and without leave to amend as to others. John HR Doe filed a first amended complaint.

Meanwhile, in July 2020, John JH Doe, John RH Doe, John GL Doe, John JO Doe, Jane CJ Doe, and John RD Doe commenced a separate action in Yuba County Superior Court alleging identical causes of action against the School District and Babcock. The School District filed a demurrer. The court sustained the demurrer with leave to amend as to certain causes of action and without leave to amend as to others.

On November 12, 2020, Does filed requests to voluntarily dismiss their respective actions without prejudice. The court entered notices of entry of dismissal on November 24.

### B. The Eastern District of California Action

On the same day that Does filed requests to voluntarily dismiss their state court actions, they filed a complaint against the School District and Babcock in the United States District

---

Presbyterian Church as a defendant in these various actions, but the church is not a party to the instant appeal. We limit our subsequent discussion of the prior actions to Babcock and the School District.

Court for the Eastern District of California. The complaint realleged Does' state law causes of action. It also alleged causes of action for violations of title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.); title 42 United States Code section 1983; and title VIII of the No Child Left Behind Act of 2001 (20 U.S.C. § 7926 et seq.). Does invoked the district court's original jurisdiction over their federal law claims (28 U.S.C. § 1331) (i.e., federal question jurisdiction) and supplemental jurisdiction (28 U.S.C. § 1367(a)) over their state law claims.

On January 13, 2021, the School District moved to dismiss the federal action under rule 12(b)(6). The School District argued for dismissal on various grounds, including that the Eleventh Amendment to the United States Constitution barred all but one of Does' claims because the School District is an "arm of the state" entitled to sovereign immunity. The motion to dismiss was noticed for hearing on March 5, 2021. On February 18, 2021, Does filed a notice of voluntary dismissal, thereby dismissing the action pursuant to rule 41(a)(1)(A)(i). The notice dismissed the action "without prejudice."

## C. The Instant Action

On March 11, 2021, in Ventura County Superior Court, Does commenced the instant action against the School District and Babcock. The complaint alleges state law causes of action for negligence, negligent supervision, negligent hiring and/or retention, assault, sexual battery, and gender violence. By stipulation of the parties, the court subsequently transferred the action to Yuba County.

On September 9, 2021, the School District filed a demurrer to the complaint. The School District argued, among other things, that claim preclusion bars Does' claims because the

voluntary dismissal of Does' federal action triggered the two-dismissal rule of rule 41(a)(1)(B). Does countered that the federal dismissal could not be a claim-preclusive judgment because the School District's invocation of sovereign immunity divested the district court of subject matter jurisdiction. The trial court agreed with the School District that claim preclusion bars Does' claims and sustained the demurrer on that basis without leave to amend. The court entered a judgment of dismissal on November 23.

Does appealed, again pressing the argument that dismissal of the federal action could not be a claim-preclusive judgment because the district court lacked subject matter jurisdiction. After initial briefing was completed, Does filed a notice of additional authorities, pointing to a recent decision in *Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932 (*Gray*). *Gray* held that, as a rule of federal procedure, rule 41(a)(1)(B) does not operate to bar a subsequent action in state court. (*Gray*, at pp. 955–960.) *Gray* went on to hold that, under circumstances similar to those presented here, the claim-preclusive effect of a second voluntary dismissal in federal court would be governed by the law of the forum state in which a third action had been filed, and, under California law, the voluntary dismissal of the federal action had no claim-preclusive effect upon the subsequent state court action. (*Id.* at pp. 961–966.) At the direction of the Court of Appeal, the parties in this case submitted supplemental letter briefs regarding *Gray*.

In a split decision, the Court of Appeal affirmed. (*Doe, supra*, 98 Cal.App.5th at p. 110.) The majority rejected Does' argument that the district court lacked subject matter jurisdiction. (*Id.* at pp. 102–103.) As to the issue of claim preclusion, the majority concluded: "Res judicata bars the Doe

plaintiffs' claims in this action because the federal action was based on federal question jurisdiction, and federal law [specifically, rule 41(a)(1)(B)], which we are bound to follow in this context, deems the second dismissal claim preclusive." (*Id.* at p. 110; see *id.* at p. 109 [state courts "apply the Federal Rules of Civil Procedure" to determine the claim-preclusive effect of a federal voluntary dismissal].) Adopting the reasoning of *Gray*, the dissent would have allowed Does to proceed on their state law claims in this action. The dissent reasoned that, where a federal court exercises supplemental jurisdiction over state law claims, state claim preclusion law governs the preclusive effect of a federal dismissal on a subsequent state court action raising state law claims. (*Id.* at pp. 111–112 (dis. opn. of Mesiwala, J.).)

We granted review.

## II. DISCUSSION

The judgment presently at issue was entered in federal district court pursuant to rule 41(a)(1)(A)(i). Rule 41 governs the dismissal of federal court actions, including voluntary notices of dismissal without a court order. As occurred here, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. (Rule 41(a)(1)(A)(i).) "Unless the notice . . . states otherwise, the dismissal is without prejudice." (Rule 41(a)(1)(B).) "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (*Ibid.*) This is known as the "two dismissal rule." (*Commercial Space Management Co. v. Boeing Co.* (9th Cir. 1999) 193 F.3d 1074,

1076 (*Commercial Space Management*).) There is no state analog of the two-dismissal rule in California.

Federal common law governs the preclusive effect of all federal judgments. (*Taylor v. Sturgell* (2008) 553 U.S. 880, 891 (*Taylor*); *Semtek Int'l Inc. v. Lockheed Martin Corp.* (2001) 531 U.S. 497, 507–508 (*Semtek*); see *id.* at p. 507 [the United States Supreme Court "has the last word on the claim-preclusive effect of *all* federal judgments"].) In federal-question cases, "federal courts participate in developing 'uniform federal rule[s]' of res judicata, which [the high court] has ultimate authority to determine and declare." (*Taylor*, at p. 891, quoting *Semtek*, at p. 508.) In diversity cases, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." (*Taylor*, at p. 891, fn. 4, citing *Semtek*, at p. 508.) "Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule." (*Semtek*, at p. 508.) Indeed, in such cases, "nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court." (*Semtek*, at p. 508; see *id.* at p. 509 [articulating the limitation that federal common law adopts state law so long as state law is not "incompatible with federal interests"].)

The United States Supreme Court has not addressed the question of what law governs the claim-preclusive effect of a judgment disposing of both federal law and supplemental state law claims. That inquiry was the focus of the Court of Appeal. On that issue, the School District agrees with the majority that we should treat the judgment no differently than we would treat a judgment entered in an action arising solely under federal question jurisdiction. Does, on the other hand, argue that, as to

state law claims arising under a federal court's supplemental jurisdiction, we should treat the judgment no differently than we would treat a judgment entered in an action arising under diversity jurisdiction.

As stated above, the majority below held that rule 41(a)(1)(B) bars Does from bringing the instant action. That understanding of rule 41(a)(1)(B) is unsound. We begin our analysis where the Court of Appeal halted its own, i.e., what is the effect of rule 41(a)(1)(B)? On that issue, we agree with Does that *Semtek* succinctly resolves this case. Rule 41(a)(1)(B) is a procedural rule, not a rule of claim preclusion. A dismissal that triggers the procedural bar of rule 41(a)(1)(B) is not, by virtue of the rule itself or the ordinary rules of res judicata, a claim preclusive judgment. Such a dismissal bars a plaintiff from filing the same claims in the same federal court; it does not bar a plaintiff from filing a subsequent action in state court. Accordingly, whether we apply a federal or state claim preclusion rule, dismissal of Does' federal action does not bar the instant action. To understand why that is so, we dissect the high court's decision in *Semtek*, before turning to assess the nature of rule 41(a)(1)(A)(i) dismissals.

### A. *Semtek Int'l Inc. v. Lockheed Martin Corp.*

In *Semtek*, the United States Supreme Court considered the claim-preclusive effect of a federal judgment in a diversity action that dismissed state law claims based on the statute of limitations. The dismissal in that case fell within the ambit of rule 41(b), which governs involuntary dismissals, rather than rule 41(a), which governs voluntary dismissals like the one at issue here. Although rules 41(a) and 41(b) concern different types of dismissals, rule 41(b), like rule 41(a), provides that a

dismissal under that subdivision "operates as an adjudication on the merits."[3] The respondent in *Semtek* had argued that the dismissal in that case was entitled to claim-preclusive effect by virtue of rule 41(b). (*Semtek*, *supra*, 531 U.S. at p. 501.) The high court observed that "[i]mplicit in this reasoning is the unstated minor premise that all judgments denominated 'on the merits' are entitled to claim-preclusive effect." (*Ibid.*) The court rejected that premise. (*Id.* at pp. 501–506.)

The high court noted that the "original connotation of an 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." (*Semtek*, *supra*, 531 U.S. at pp. 501–502, quoting Rest.2d Judgments (1980) § 19, com. a, p. 161.) That is the "meaning intended" when articulating the basic principle that "a judgment 'on the merits' triggers the doctrine of res judicata or claim preclusion." (*Semtek*, at p. 502, citing *Parklane Hosiery Co. v. Shore* (1979) 439 U.S. 322, 326, fn. 5 ["Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a

---

[3]     Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication *on the* merits." (Rule 41(b), as amended Apr. 30, 2007, eff. Dec. 1, 2007, italics added.)   At the time *Semtek* was decided, rule 41 used the language "adjudication *upon the* merits." (Rule 41(a) & (b), as amended Apr. 30, 1991, eff. Dec. 1, 1991, italics added.)   The subsequent amendment was stylistic only.   (Rule 41, Advisory Com. Notes, 2007 amendment).  Unless appearing in quoted material, we cite to the current language of the statute.

second suit involving the same parties or their privies based on the same cause of action"]; *Goddard* v. *Security Title Ins. & Guarantee Co.* (1939) 14 Cal.2d 47, 51 [stating similar rule under California law].) Over time, however, the phrase " 'judgment on the merits' " has taken on a different meaning and "come to be applied to some judgments . . . that do *not* pass upon the substantive merits of a claim and hence do *not* (in many jurisdictions) entail claim-preclusive effect." (*Semtek*, at p. 502.)

Having rejected the premise that any judgment denominated " 'on the merits' is necessarily a judgment entitled to claim-preclusive effect," the United States Supreme Court turned to consider the proper interpretation of rule 41(b). (*Semtek*, *supra*, 531 U.S. at p. 503.) The high court opined that "the phrase 'adjudication upon the merits' does not bear that meaning in Rule 41(b)." (*Ibid.*) The court identified four reasons supporting this conclusion.

First, the high court observed that rule 41(b) "sets forth nothing more than a default rule for determining the import of a dismissal." (*Semtek*, *supra*, 531 U.S. at p. 503.) That is, "a dismissal is 'upon the merits,' with three stated exceptions, unless the court 'otherwise specifies.' " (*Ibid.,* quoting rule 41(b).) In the court's view, "[t]his would be a highly peculiar context in which to announce a federally prescribed rule on the complex question of claim preclusion, saying in effect, 'All federal dismissals (with three specified exceptions) preclude suit elsewhere, unless the court otherwise specifies.' " (*Semtek*, at p. 503.)

Second, apart from the "purely default character of Rule 41(b)," the high court observed that it would be "peculiar

to find a rule governing the effect that must be accorded federal judgments by other courts ensconced in rules governing the internal procedures of the rendering court itself." (*Semtek*, *supra,* 531 U.S. at p. 503.) The court noted that "such a rule would arguably violate the jurisdictional limitation of the Rules Enabling Act [(28 U.S.C. § 2071 et al.)]: that the Rules 'shall not abridge, enlarge or modify any substantive right,' 28 U.S.C. § 2072(b)." (*Ibid*.) In *Semtek*, for example, if California law allowed the petitioner to sue on the claim in Maryland even after the California statute of limitations had expired, "the federal court's extinguishment of that right (through Rule 41(b)'s mandated claim-preclusive effect of its judgment) would seem to violate this limitation." (*Id.* at pp. 503–504.)

Third, if interpreted as a rule of claim preclusion, Rule 41(b) "would in many cases violate the federalism principle" of *Erie Railroad Co. v. Tompkins* (1938) 304 U.S. 64, 78-80, "by engendering ' "substantial" variations [in outcomes] between state and federal litigation' which would '[l]ikely . . . influence the choice of a forum.' " (*Semtek*, *supra*, 531 U.S. at p. 504.) In *Semtek*, for instance, the traditional claim-preclusion rule "is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitation periods." (*Ibid.*) Although the dismissal of stale claims in California would not normally bar suit in another state, the fact that state law claims had been removed to and then dismissed by a federal court would, under rule 41(b), transform a statute-of-limitations dismissal into one barring suit everywhere. (*Semtek*, at p. 504.)

Fourth, if rule 41(b) had the meaning suggested by the respondent in *Semtek*, the high court observed that it "would surely have relied upon it in [its] cases recognizing the claim-preclusive effect of federal judgments in federal-question cases." (*Semtek, supra,* 531 U.S. at p. 504, brackets added.) "Yet for over half a century since the promulgation of Rule 41(b)," the high court had "not once done so." (*Id.* at pp. 504–505 [citing cases].) In other words, the court had not understood rule 41(b) to govern the claim-preclusive effect of federal judgments even in federal-question cases. Rather than simply point to rule 41(b) to establish the claim-preclusive effect of such judgments, the court conducts a more complex claim-preclusion analysis applying federal common law.

Upon rejecting the respondent's interpretation of rule 41(b), the high court identified rule 41(a) — the subdivision at issue in the instant case — as "the key to a more reasonable interpretation of the meaning of 'operates as an adjudication upon the merits' " for purposes of this rule. (*Semtek, supra,* 531 U.S. at p. 505.) The court observed that, in discussing the effect of a voluntary dismissal, rule 41(a) "makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.' " (*Semtek,* at p. 505, quoting rule 41(a).) The "primary meaning of 'dismissal without prejudice' " is a dismissal that does not bar the plaintiff from "returning later, to the same court, with the same underlying claim." (*Semtek,* at p. 505 [explaining that, while this ordinarily also has the effect of not barring the claim in other courts, the primary meaning "relates to the dismissing court itself"].) Accordingly, as used in rule 41, " 'adjudication on the merits' " means a dismissal *with prejudice,* which has the effect of barring the plaintiff from refiling the same claim *in the same court.* (*Semtek,* at p. 506 [by

operation of rule 41(b), the federal dismissal "barred refiling of the same claim in the United States District Court for the Central District of California"].)  The high court opined:  "That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." (*Ibid.*)

Finally, having concluded that the claim-preclusive effect of the judgment was *not* dictated by rule 41(b), the high court turned to consider what would determine the issue.  (*Semtek, supra,* 531 U.S. at p. 506.)  It is at this point the court held that federal common law governs the claim-preclusive effect of all federal judgments, and then, in turn, that the federal common law may adopt the claim-preclusion rule of the forum state in diversity jurisdiction cases.  (*Id.* at p. 508.)  Crucially, the court's ultimate holding — i.e., that the dismissal of the federal action on California statute-of-limitations grounds did not preclude a subsequent action in the Maryland courts — turned on the underlying substantive basis for the dismissal.  (*Id.* at p. 509.)  In other words, the preclusive effect of the federal judgment was determined, not by operation of rule 41(b), but by applying ordinary rules of claim preclusion to a judgment effectuating the dismissal of time-barred claims.  Given that the dismissal was decreed "only because the California statute of limitations so required," there was "no conceivable federal interest in giving that time bar more effect in other courts than the California courts themselves would impose." (*Semtek,* at p. 509.)

## B. Rule 41(a)(1)(B) Is a Federal Procedural Rule, Not a Rule of Claim Preclusion

The holding and reasoning in *Semtek* conclusively answers the threshold question posed in this case:  Is rule 41(a)(1)(B) a rule of claim preclusion?  It is not.  Rule 41(a)(1)(B) provides that a second dismissal "operates as an adjudication on the merits."

An "adjudication on the merits," as used in rule 41(a)(1)(B), is the equivalent of a dismissal with prejudice, meaning it bars the plaintiff from refiling the same claims in the same court. (*Semtek*, *supra*, 531 U.S. at pp. 505–506.) "That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." (*Id.* at p. 506.) The high court's reasoning in reaching this conclusion as to rule 41(b) applies as well to rule 41(a)(1)(B).

First, like the high court's observation regarding rule 41(b) (see *Semtek*, *supra*, 531 U.S. at p. 503), it would be peculiar indeed to announce a federally prescribed rule on the complex question of claim preclusion within rule 41(a), particularly since a dismissal under this rule may be entered without a court order. Second, the high court's concern about violating the Rules Enabling Act extends equally to rule 41(a). (See *Semtek*, at p. 503.) Although California law allows Does to sue on their state law claims after twice dismissing similar suits elsewhere without prejudice, allowing the extinguishment of that right through rule 41(a) arguably would exceed the jurisdictional limitation of the Rules Enabling Act. Third, interpreting rule 41(a) as a rule of claim preclusion also would trigger the high court's concern regarding violation of *Erie*'s federalism principle. (See *Semtek*, at p. 504.) Although a voluntary dismissal without prejudice in state court would not normally bar Does from later refiling their claims *anywhere*, the fact that state law claims were filed in or removed to and then voluntarily dismissed in federal court would, by virtue of rule 41(a)(1)(B), transform that dismissal into one barring suit *everywhere*. Fourth and finally, paralleling the high court's observation that it had not relied on rule 41(b) to determine the preclusive effect of federal judgments in federal-question cases (see *Semtek*, at pp. 504–

505), the high court likewise has not invoked rule 41(a) to determine the preclusive effect of federal judgments, even in federal-question cases. The School District points to *Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384, 396 (*Cooter & Gell*), but the high court in that case did not intimate, let alone hold, that rule 41(a) dictates the claim-preclusive effect of a federal judgment.[4] Moreover, even if *Cooter & Gell* had suggested as much in dicta, it predates *Semtek*, which now demands a contrary conclusion. As stated above, the high court in *Semtek* held that rule 41(b) is not a rule of claim preclusion and did so, in substantial part, by looking to the meaning of the identical text — i.e., "an adjudication on the merits" — in rule 41(a)(1)(B). *Semtek* thus dictates that neither rule 41(b) nor rule 41(a)(1)(B) is a rule of claim preclusion. We cannot give the language of rule 41(a) a different meaning here than the high court gave it in *Semtek*. (See, e.g., *Project Drilling, LLC v. Ledya Oil and Gas Exploration and Production, SA* (N.D.Okla., Feb. 11, 2022, No. 21-CV-0427-CVE-CDL) 2022 WL 428172, p. *6 [reasoning there

---

**4** *Cooter & Gell* did not concern the claim-preclusive effect of a judgment, but rather, whether the filing of a notice of voluntary dismissal pursuant to rule 41(a)(1) deprived the court of jurisdiction over the action such that it could not thereafter impose sanctions. (*Cooter & Gell*, *supra*, 496 U.S. at p. 394.) The decision states: " '[D]ismissal without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect." (*Cooter & Gell*, at p. 396.) The assertion that a dismissal without prejudice *does not have* a res judicata effect cannot itself support the conclusion that a dismissal with prejudice *does have* that effect. A dismissal without prejudice does not even bar refiling of the same claims in the same court, and thus, fails to satisfy a more fundamental prerequisite for claim preclusion. (*Semtek*, *supra*, 531 U.S. at p. 506.)

is "no reason to give the term 'adjudication on the merits' different meanings in Rule 41(a) and Rule 41(b)" and *Semtek* clearly holds a voluntary dismissal under rule 41(b) does not automatically have preclusive effect in another federal district court].)[5]

The School District asserts *Cooter & Gell* is not alone in recognizing that a second dismissal subject to rule 41(a)(1)(B) "triggers claim preclusion," citing authorities from lower federal courts. (See, e.g., *Jian Yang Lin v. Shanghai City Corp* (2d Cir. 2020) 950 F.3d 46, 50 (*Jian Yang Lin*); *Sealey v. Branch Banking & Trust Co.* (11th Cir. 2017) 693 Fed. Appx. 830, 833.) The majority below also cited such authorities. (*Doe, supra*, 98 Cal.App.5th at pp. 104, 106, citing *Engelhardt v. Bell & Howell Co.* (8th Cir. 1962) 299 F.2d 480, 484 (*Engelhardt*); *Jian Ying Lin v. Shanghai City Corp* (S.D.N.Y. 2018) 329 F.R.D. 36; *McGhee v. High Mountain Health LLC* (D.Ariz., Apr. 21, 2020, No. CV-19-08145-PCT-DWL) 2020 U.S.Dist. Lexis 69721; *Melamed v. Blue Cross* (9th Cir. 2014) 557 Fed. Appx. 659, 661–662 (*Melamed*).) The cited authorities do not support the School District's position.

As a threshold matter, they all arise in federal court and thus, unlike in the instant state court action, rule 41(a)(1)(B) is operative. (Cf. *Rose Court, LLC v. Select Portfolio Servicing, Inc.* (9th Cir. 2024) 119 F.4th 679, 685 (*Rose Court*) [two-dismissal

---

[5] *Project Drilling* held a second voluntary dismissal in one district court did not have res judicata effect so as to preclude a subsequent suit in another district court. The parties do not cite additional authorities addressing this question. We express no view on whether a dismissal triggering the two-dismissal rule of rule 41(a)(1)(B) precludes a subsequent suit in a different federal district court by virtue of the procedural rule itself.

rule comes into operation only when a third action is filed in federal court].)  The only published circuit court authority post-*Semtek* did not hold that rule 41(a)(1)(B) is a rule of claim preclusion; rather, it "analogized the two-dismissal rule to the doctrine of res judicata" to decide whether a subsequent federal action involved the same claims.  (*Jian Yang Lin*, *supra*, 950 F.3d at p. 50; see also *Melamed*, *supra*, 557 Fed. Appx. at p. 662 [borrowing element from res judicata standard to determine whether a subsequent action involved the same claims for purposes of the procedural bar of rule 41(a)(1)(B)].)  Moreover, none of the above authorities cite *Semtek*, and none present the question of whether rule 41(a)(1)(B) has preclusive effect *in a different court*, let alone a state court.  The only case to involve suit in a different district court presented the question of whether the two actions raised the same claims.  (*Jian Yang Lin*, *supra*, 950 F.3d at p. 50.)  Of course, where successive actions are filed in the same federal district court, the question of whether rule 41(a)(1)(B) is a procedural rule or a rule of claim preclusion is without much import; either way, a third action will be barred.  Thus, to the extent such authorities characterize rule 41(a)(1)(B) as a rule of claim preclusion, their lack of attention to this detail is unsurprising.  Finally, decisions predating *Semtek* (see *Engelhardt*, *supra*, 299 F.3d at p. 484 [reasoning that, by the express terms of rule 41(a)(1), a second voluntary dismissal operates as an adjudication on the merits and thus "the doctrine of res judicata is applicable"]), are no longer good law.  (See *Semtek*, *supra*, 531 U.S. at p. 506.)

The majority below acknowledged that, in *Semtek*, the high court "held that ' "adjudication upon the merits" ' in rule 41(b) means that refiling is barred only in the same federal district court."  (*Doe*, *supra*, 98 Cal.App.5th at p. 108, citing

*Semtek, supra,* 531 U.S. at p. 506.) The majority posited, however, that this holding was "dependent" on the high court's conclusion that, "in a diversity jurisdiction case, state law controls whether the prior dismissal in federal court is claim preclusive." (*Doe*, at p. 108, citing *Semtek*, at pp. 506–507.) The School District makes a similar argument. We read *Semtek* differently.

As discussed above, before holding that federal common law governs the claim-preclusive effect of all federal judgments, the high court in *Semtek* held, categorically, that rule 41(b) does not govern the claim-preclusive effect of a federal judgment of dismissal. (*Semtek, supra,* 531 U.S. at p. 506.) That holding — and its underlying interpretation of rule 41(b) — does not depend on the source of the federal court's subject matter jurisdiction. Indeed, it would be highly unusual for the interpretation of a federal rule to depend on such a thing. The high court arrived at its holding regarding rule 41(b) without reference to the existence of diversity jurisdiction. It also expressly rejected the respondent's interpretation of rule 41(b) by noting that it is not the interpretation given in *federal-question cases*. (*Semtek*, at pp. 504–505; see also *id.* at p. 507 [noting that "no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case"].) The other rationales the high court identified to support its interpretation likewise apply to both diversity and federal-question cases. (See *id.* at pp. 503–504.)

Ultimately, the high court presented its holding regarding rule 41(b) in clear terms. The court explained "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect," and then declared that "the phrase 'adjudication upon the merits' *does not bear that*

*meaning in Rule 41(b)."* (*Semtek, supra*, 531 U.S. at p. 503, italics added.) The court observed the peculiarity that would result from reading Rule 41(b) as "a federally prescribed rule on the complex question of claim preclusion" (*Semtek,* at p. 503.), before stating explicitly that it was *not* interpreting rule 41(b) as such a rule (*Semtek,* at p. 506, fn. 2; see also *id.* at p. 504, fn. 1.) The import of this is unmistakable: Rules 41(b) and 41(a)(1)(B) are not rules of claim preclusion. (See *Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 804 ["rule 41(b) is not a claim-preclusion rule; it applies only to the district court's internal procedures"]; accord, *Gray, supra*, 95 Cal.App.5th at p. 958 [same as to rule 41(a)(1)(B)]; see also *Rose Court, supra*, 119 F.4th at pp. 687, 685 [rule 41(a)(1)(B) is a "*federal* procedural rule" that is analogous to, but distinct from, a rule of res judicata; the two-dismissal rule comes into operation only when "the plaintiff seeks to raise the twice-dismissed claim again in federal court"].) Indeed, the language of rule 41(a)(1)(B) seems to acknowledge its limited reach. The rule does not provide that a second dismissal *is* an adjudication on the merits; it provides that a second dismissal "*operates* as an adjudication on the merits." (Rule 41(a)(1)(B), italics added.) A dismissal may only operate as such, however, where rule 41(a)(1)(B) has effect, i.e., in the federal courts.

The majority's misreading of *Semtek* permeates the remainder of its reasoning below. It held that "*Semtek* expressly differentiated between diversity cases and federal question cases, explaining that the United States Supreme Court has 'long held that States cannot give [federal question] judgments merely whatever effect they would give their own judgments, but must accord them the effect that [the high court] prescribes.' " (*Doe, supra*, 98 Cal.App.5th at p. 108, quoting

*Semtek, supra,* 531 U.S. at p. 507.) The majority is correct that *Semtek* differentiates between diversity and federal-question cases, but as explained above, it does so only in the portion of its opinion deciding whether the federal common law would apply a uniform federal rule (notably, *not* rule 41(b), which is *not* a rule of claim preclusion) or adopt a state rule. (See *Semtek*, at p. 508.) The high court did *not* differentiate between diversity and federal-question cases regarding the proper interpretation of rule 41(b).

Nor, as the majority below implies (*Doe, supra,* 98 Cal.App.5th at p. 108), did the high court differentiate between diversity and federal question cases regarding the effect that state courts must accord federal judgments. In all cases, state courts must accord federal judgments the effect that the United States Supreme Court prescribes. (*Semtek, supra,* 531 U.S. at pp. 507–508.) The sole distinction between federal question and diversity cases is that, as to the former, the high court will apply a uniform federal rule, and as to the latter, the high court may elect to adopt variable state rules. (*Id.* at p. 508.) Accordingly, contrary to the majority's conclusion below, *Semtek* did not hold that rule 41(b) applies to prevent refiling in the same court *in diversity cases only*; nor did it hold, expressly or impliedly, that the same "does not apply to cases involving jurisdiction based on a federal question." (*Doe*, at p. 108.)

The School District attempts a further refinement of the reasoning advanced by the majority below. The School District first asserts that, "[i]n nondiversity, federal question cases, ' "the federal courts will apply their own rule of res judicata." ' " That may be so; however, rule 41(a)(1)(B) is not such a rule. This crucial detail undermines the School District's subsequent assertion that, under federal law, a second voluntary dismissal

in federal court constitutes an adjudication on the merits, a proposition for which they cite rule 41(a)(1)(B).  A voluntary dismissal under rule 41(a)(1)(A)(i) is not " 'on the merits' " *for purposes of the res judicata inquiry*.  (*Semtek*, at p. 503.)  The fact that rule 41(a)(1)(B) refers to such a dismissal as an "adjudication on the merits" is thus not determinative for our purposes.  As the high court explained, the import of rule 41(a)(1)(B) is that a second dismissal bars the plaintiff from filing the same claims in the same court.  (*Semtek*, at p. 506.) That does not preclude the plaintiff from filing their claims in a different court.  (*Ibid.*)

Accordingly, the majority's holding below that the applicable rule of claim preclusion here is rule 41(a)(1)(B) itself was in error.  Having determined that the federal dismissal does not have claim-preclusive effect by virtue of rule 41(a)(1)(B), we turn to consider whether it has that effect for some other reason.

## C.  Does' Federal Dismissal Does Not Have Claim-preclusive Effect

As stated above, Does voluntarily dismissed their federal action "without prejudice" pursuant to rule 41(a)(1)(A)(i). Because *Semtek* involved a dismissal implicating rule 41(b), it did not speak at length as to the nature of a rule 41(a)(1) dismissal.  For that, we turn to other federal authorities.

As stated above, the federal rules provide that, before the opposing party serves either an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal.  (Rule 41(a)(1)(A)(i).) Federal courts have recognized that a plaintiff has an " 'absolute right' " to voluntarily dismiss their action in accordance with Rule 41(a)(1).  (*Commercial Space Management*, *supra*, 193 F.3d

at pp. 1077–1078, quoting *Wilson v. City of San Jose* (9th Cir. 1997) 111 F.3d 688, 692.) "Voluntary dismissals do not have 'grounds' decided by a court." (*Spencer v. Barajas* (9th Cir. 2025) 140 F.4th 1061, 1067 (*Spencer*) [holding voluntary dismissals under rule 41(a)(1) do not constitute "strikes" under the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(g), because there are no grounds upon which such dismissals are based].) They occur, "by definition, 'Without a Court Order.'" (*Spencer*, at p. 1067, quoting rule 41(a)(1)(A).) Indeed, such dismissals leave "no role for the court to play." (*American Soccer Co. v. Score First Enterprises* (9th Cir. 1999) 187 F.3d 1108, 1110.) Voluntary dismissals are "effective without any court action." (*Waetzig v. Halliburton Energy Services, Inc.* (2025) 604 U.S. 305, 308; see also *American Soccer*, at p. 1110 [a voluntary dismissal "'is effective on filing and no court order is required'"].) The filing of the notice of dismissal automatically terminates the case. (*Spencer*, at p. 1067, citing *Wilson*, at p. 692.)

Considering the nature of the voluntary dismissal under rule 41(a)(1)(A)(i) in this case, we conclude it was not claim preclusive as a matter of res judicata. Such a dismissal may "operate" as an adjudication on the merits in the federal courts where rule 41(a)(1)(B) applies, but it does not preclude the refiling of state law claims in state court, under settled principles of res judicata, because it does not pass "'directly on the substance of [a particular] claim' before the court." (*Semtek*, *supra*, 531 U.S. at pp. 501–502.) Accordingly, while the voluntary dismissal of Does' federal action may bar the refiling of their claims in federal court by operation of rule 41(a)(1)(B), it does not bar the filing of the instant action raising state law claims in state court.

Both the California and federal rules of claim preclusion point to this conclusion. Although the standards differ in certain respects, they both require a final judgment on the merits. (*Taylor*, *supra*, 553 U.S. at p. 892; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) In California, a voluntary dismissal without prejudice is not a judgment on the merits, and therefore, has no claim-preclusive effect upon a later suit. (*Gray*, *supra*, 95 Cal.App.5th at p. 950, citing *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784.) "This follows the Restatement, which explains that a judgment in favor of the defendant will not bar a later action by the plaintiff on the same claim, when the prior judgment is based upon the plaintiff's agreement or election to 'a nonsuit (or voluntary dismissal) without prejudice . . . .' " (*Gray*, at p. 950, quoting Rest.2d Judgments, § 20(1)(b).) The same is true in the federal courts. "Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal." (*In re Piper Aircraft Distribution System Antitrust Litigation* (8th Cir. 1977) 551 F.2d 213, 219; see also *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.* (5th Cir. 2005) 434 F.3d 320, 324 ["a Rule 41(a)(1) dismissal is not a 'final judgment' "]; *Kamal v. Eden Creamery, LLC* (9th Cir. 2023) 88 F.4th 1268, 1285 [noting this is the "nature" of a voluntary dismissal].) Indeed, the high court in *Semtek* observed that a voluntary dismissal ordinarily does not bar the plaintiff from returning even to the same court with the same underlying claim. (*Semtek*, *supra*, 531 U.S. at p. 505.)

The School District's remaining attempts to argue around the conclusion that Does' federal dismissal does not have claim-preclusive effect are to no avail. Whereas the majority below reasoned simply that rule 41(a)(1)(B) has a different meaning in

23

federal question cases — reasoning we reject — the School District contends that it is not rule 41(a)(1)(B) "alone" that gives preclusive effect to Does' dismissal of the federal action. The School District cannot prevail on this argument, however, because it fails to identify any other basis for giving Does' voluntary dismissal claim-preclusive effect. The School District asserts that some dismissals that do constitute adjudications on the merits by virtue of rule 41 nonetheless *can* constitute adjudications on the merits for purposes of the res judicata inquiry under federal common law. True enough. But the fact that some adjudications implicating rule 41 *can* constitute a claim-preclusive judgment under the federal common law is insufficient to demonstrate that the voluntary dismissal here under rule 41(a)(1)(A)(i) *does* constitute such a claim-preclusive judgment.

As an extension of this argument, the School District suggests that rule 41, though not alone sufficient, still "informs" the federal common law claim preclusion analysis. We do not necessarily quarrel with this notion but find it inapplicable here. The School District points to *Plaut v. Spendthrift Farm* (1995) 514 U.S. 211, 228, which held that "[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds . . . as a judgment on the merits." In so holding, *Plaut* cited both rule 41(b) and decisional authority. (*Plaut*, at p. 228.) This is neither surprising nor particularly informative in this case. The high court acknowledged in *Semtek* that a dismissal with prejudice is a necessary, though not sufficient, condition for claim preclusion. (*Semtek, supra,* 531 U.S. at p. 506.) It is therefore logical that the high court would cite rule 41(b), which satisfies this precondition, in a claim preclusion analysis. Rule 41(a)(1)(B) likewise satisfies

this requisite precondition, i.e., it is an adjudication that bars the filing of the same claim in the same federal court. However, the School District still fails to identify any authority supplying the missing additional piece that would afford Does' voluntary dismissal claim-preclusive effect in state courts.

The School District's lack of authority to support its position became clear at oral argument. On questioning, the School District acknowledged that rule 41(a)(1)(B) is a "but for" element of its primary argument, asserting that the rule itself can "supply" the element of a final judgment for claim preclusion purposes. As stated above, we find that argument unpersuasive. The School District then acknowledged that, should we find rule 41(a)(1)(B) insufficient, we would look to federal common law. Crucially, however, the School District conceded that, absent rule 41(a)(1)(B), a voluntary dismissal without prejudice is *not* an adjudication on the merits for purposes of claim preclusion. Upon further questioning, the School District suggested that, although such a dismissal ordinarily does not constitute an adjudication on the merits, "repeated" dismissals transform into a final judgment. No authority supports this rule, however, which simply recasts the procedural bar of rule 41(a)(1)(B) as a rule of federal common law. Of course the federal courts are free to adopt such a rule, but they have not done so. Consequently, because the outcome here is the same under either the federal or state rule of claim preclusion, we need not decide which rule applies to state law claims brought pursuant to a federal court's supplemental jurisdiction.

Even if we were to assume that the federal dismissal has some preclusive effect under federal law, a question we need not decide here, we do not think it would be so broad as to preclude the refiling of state law claims in state court. The two-dismissal

rule implicates federal interests insofar as it limits a plaintiff's ability to repeatedly bring and dismiss the same claims in federal court to the detriment of the defendant and the court's docket.  (See *Rose Court*, *supra*, 119 F.4th at p. 687.)  But there is "no conceivable federal interest" (*Semtek*, *supra*, 531 U.S. at p. 509) in the application of a federal procedural rule to state law claims raised in state courts.[6]  Federal rules of claim preclusion regarding supplemental state law claims lend further support to this view.  Where a district court disposes of all federal question claims, its discretionary refusal to exercise supplemental jurisdiction over state law claims (i.e., the dismissal of those claims without prejudice) does not preclude a subsequent action on those claims in state court.  (See 18A Wright et al., Federal Practice and Procedure (Apr. 2026 supp.) Jurisdiction and Related Matters, § 4436; *Audette v. International Longshoremen's and Warehousemen's Union, Local 24* (9th Cir. 1999) 195 F.3d 1107, 1111, fn. 1.)  Thus, accepting for the sake of argument that Does' dismissal constituted a final adjudication of their federal law claims for purposes of claim preclusion, there is no basis to extend finality

---

**6**      The School District contends that there is a federal interest in uniformity and in avoiding situations in which litigants voluntarily dismiss their complaints and thereby avoid conditions that federal district courts might otherwise impose. Whatever force this contention might have in other contexts, we see little federal interest in precluding plaintiffs from pursuing state law claims in state court.  Other courts that address this issue similarly hold that the federal interest in the two-dismissal rule is not strong enough to bar purely state law claims in state court that were previously in federal court solely by virtue of the court's supplemental jurisdiction.  (See *Herington v. City of Wichita* (2021) 314 Kan. 447, 456 [500 P.3d 1168]; *Cooper v. Glasser* (Tenn. 2013) 419 S.W.3d 924, 930.)

to their state law claims.  Indeed, had Does amended their complaint to remove the federal claims (rather than dismiss the complaint in its entirety without prejudice) the district court would have had no choice but to remand the state law claims to state court.  (*Royal Canin U.S.A., Inc. v. Wullschleger* (2025) 604 U.S. 22, 34.)

In sum, we agree that some dismissals denominated "on the merits" by rule 41 enjoy claim-preclusive effect.  But that does not mean all such dismissals have that effect.  And where they do, it is not by virtue of rule 41, but according to the federal common law rules of claim preclusion.  As discussed above, the rule 41(a)(1)(A)(i) dismissal here does not bar refiling of plaintiffs' state law claims in state court.  Rule 41(a)(1)(B) does not itself create a judgment on the merits, and the dismissal here is not otherwise claim preclusive.  Accordingly, whether applying a federal or state rule of claim preclusion, Does' voluntary dismissal of their federal action does not serve to bar the filing of the instant action raising state law claims in state court.[7]

## III.  DISPOSITION

We hold that a second voluntary dismissal subject to the two-dismissal rule of rule 41(a)(1)(B) does not preclude a subsequent suit on the same state law claims in state court.

---

[7]    Does alternatively argue that the School District's assertion of sovereign immunity in the federal court action stripped the district court of subject matter jurisdiction over their state law claims, thereby precluding the district court from entering a claim preclusive judgment as to the same.  Given our holding that the federal dismissal does not preclude this subsequent state court action, we decline to consider the effect, if any, of the School District's assertion of sovereign immunity.

Accordingly, we reverse the judgment of the Court of Appeal and remand for further proceedings consistent with this opinion.

**EVANS, J.**

**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**BAKER, J.**[*]

---

[*] Associate Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Doe v. Marysville Joint Unified School District

---

<u>**Procedural Posture**</u> (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 98 Cal.App.5th 95
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S283639
**Date Filed:** July 2, 2026

---

**Court:**  Superior
**County:**  Yuba
**Judge:**  Debra L. Givens

---

**Counsel:**

Manly, Stewart & Finaldi, John C. Manly, Morgan A. Stewart, Saul E. Wolf, Cristina J. Nolan; Esner, Chang, Boyer & Murphy, Holly N. Boyer, Shea S. Murphy and Kevin K. Nguyen for Plaintiffs and Appellants.

UC Law San Francisco and Leah Spero for the Center for Litigation and Courts as Amicus Curiae on behalf of Plaintiffs and Appellants.

Spinelli, Donald & Nott, Lynn A. Garcia; Horvitz & Levy, Robert H. Wright, John F. Querio; McCormick Barstow Sheppard Wayte & Carruth and Laura A. Wolfe for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Shea S. Murphy
Esner, Chang, Boyer & Murphy
600 South Lake Avenue, Suite 408
Pasadena, CA 91106
(626) 535-9860

Robert H. Wright
Horvitz & Levy LLP
3601 West Olive Avenue, 8th Floor
Burbank, CA 91505
(818) 995-5833